# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CARL CHESTER, ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:06-cr-00309-RCJ-PAL <br><br> **ORDER** <br> (M/Permission to File - #19) <br> (M/Compel - #20) <br> (M/Discovery - #21) <br> (Errata - #22) <br> (M/Tender of Offer - #35) <br> (M/Hearing - #36) |

This matter is before the court on a series of defendant's motions. The defendant first filed a Motion for Permission to File Discovery Motions (#19). No response to the motion was filed and the time to do so has run. The defendant did, however, file an Errata (#22) amending portions of the original motion. No response was filed to this motion either and the time to do so has likewise run. The defendant filed two additional motions. The first is a Motion to Compel Government to Disclose Location of Unidentified Confidential Informant for Defense Pre-Trial Interview (#20). The second is a Motion for Discovery: (A) Available Documentary & Unredacted Discovery (B) Grand Jury Transcripts (#21). The government filed a consolidated Response (#30) to the two additional motions. The defendant then filed a Reply (#38) to the government's response.

Additionally before the court at this time are two motions filed by the defendant *pro se*. They are the defendant's On Demand Notice and Motion for Tender of Offer of Payment Pursuant to UCC 3-603 (#35) and Motion for Hearing (#36). No responsive documents have been filed concerning these two motions.

The court conducted a hearing on these motions, and two letters received from the defendant, as well as defense counsel's Response (#42), on March 21, 2007. Kathleen Bliss appeared on behalf of the government, and Donald Green appeared on behalf of the defendant who was also present and in

custody. Following oral argument on the substantive motions, the court conducted a sealed *ex parte* hearing concerning the defendant's letters.

## BACKGROUND

The defendant, Carl Chester ("Chester") was charged in a criminal indictment returned August 29, 2006 with three counts of possession with intent to distribute and distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). The indictment arises out of an investigation by the Clark County Gang Task Force into cocaine trafficking in which a confidential informant ("CI") allegedly acted as a go-between who negotiated a series of cocaine purchases from the defendant on behalf of an undercover officer. It was this series of purchases that lead to the defendant's indictment in this case.

## DISCUSSION

**I.      Motion for Permission to File Discovery Motions (#19) and Errata (#22)**

The defendant filed a motion for permission to file his two discovery-related motions concerning the CI and documentary discovery. The government did not oppose the motion which, pursuant LRC 47-9 constitutes a consent to the granting of a motion. Accordingly, the motion as amended by the Errata (#22) is granted.

**II.     Motion to Compel Disclosure of the Confidential Informant (#20)**

Chester seeks an order from the court compelling the government to disclose the identity of the CI who was allegedly involved in the sales of cocaine that are the subject of the indictment against him. Chester argues that the CI is a "primary witness" and that under the Constitution's confrontation clause and due process clause, he had a right to confront this witness, and that the U.S. Supreme Court's decision in U.S. v. Bagley, 473 U.S. 667 (1985) also compels disclosure because it is material to guilt or innocence. Chester seeks to impeach the CI at trial on the basis of any deal between the government and the CI. He argues that without learning the identity of the CI he cannot perform an investigation into the CI's background that would permit him to learn information such as any deal between the CI and the government that would allow him to impeach the CI at trial.

The government responds that it does not intend to call the CI as a witness at trial, and therefore invokes what it believes is its right under the informer's privilege to withhold the identity of the CI.

1  The government contends that the CI would not offer any evidence that is exculpatory to Chester, and
2  therefore Chester has no right to call the CI as a witness simply to impeach his credibility.  In addition,
3  the government contends that it fears for the CI's safety because "[o]n September 15, 2006, two males
4  came to the CI's home looking for him under circumstance [sic] indicating possible retaliation for his
5  involvement in helping the police as an informant." (Opp. at 5:27-6:1.)  The government asserts that
6  under these circumstances, the defendant's interest in knowing the identity of the CI is strongly
7  outweighed by possible harm coming to the CI.

8        In reply, Chester argues that the government must disclose the identity of the CI regardless of
9  whether it intends to call him at trial.  He points out that the Supreme Court's decision in Brady v.
10 Maryland, 373 U.S. 83 (1963) requires the government to disclose all evidence both exculpatory and
11 inculpatory to the defense.  In the alternative should the court not compel disclosure of the CI's identity,
12 Chester asks that the court construe his reply as a counter-motion in limine to preclude the government
13 from relying upon evidence concerning the CI in its case in chief to prove that Chester engaged in the
14 narcotics transactions as alleged.  He argues that it would be fundamentally unfair for the government to
15 use such evidence at trial without affording him an opportunity to conduct an investigation concerning
16 the CI.

17       "What is usually referred to as the informer's privilege is in reality the Government's privilege
18 to withhold from disclosure the identity of persons who furnish information of violations of law to
19 officers charged with enforcement of that law." Roviaro v. U.S. 353 U.S. 53, 59 (1957) (citing Scher v.
20 U.S., 305 U.S. 251, 254 (1938)).

21              The purpose of the privilege is the furtherance and protection of the
22              public interest in effective law enforcement.  The privilege recognizes the
23              obligation of citizens to communicate their knowledge of the commission
24              of crimes to law-enforcement officials and, by preserving their
25              anonymity, encourages them to perform that obligation.

26 Id.  There are several limits on the scope of the privilege.  "[W]here disclosure of the contents of a
27 communication will not tend to reveal the identity of an informer, the contents are not privileged."
28 / / /

1   Id. at 60. "Likewise, once the identity of the informer has been disclosed to those who would have
2   cause to resent the communication, the privilege is no longer applicable." Id.

> A further limitation on the applicability of the privilege arises from the
> fundamental requirements of fairness. Where the disclosure of an
> informer's identity, or the contents of his communication, is relevant and
> helpful to the defense of an accused, or is essential to a fair determination
> of a cause, the privilege must give way.

Id. at 60-61.

Thus, "[t]o obtain disclosure, a defendant must show a need for the information, and in doing so, must show more than a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' to his defense, or that will be essential to a fair trial." U.S. v. Henderson, 241 F.3d 638, 645 (9th Cir. 2001). "Balancing the defendant's and the government's interest, a district court must hold an *in camera* hearing whenever a minimal threshold showing that disclosure would be relevant to at least one defense." Id. (citing U.S. v. Spires, 3 F.3d 1234, 1238 (9th Cir. 1993)) (internal quotations removed). In Spires, the Ninth Circuit made mandatory the use of *in camera* hearings, where previously they had merely been the "favored procedure," because they pose "little risk of disclosing the identity of the informant and may provide many of the same benefits as disclosure itself, particularly where defendant's counsel is allowed to participate under an order not to reveal any information disclosed in chambers." 3 F.3d at 1238.

In ruling on disclosure requests,

> a trial court must balance 1) the extent to which disclosure would be
> relevant and helpful to the defendant's case, and 2) the government
> interest in protecting the identity of a particular informant. In doing so
> the court must consider the public interest in protecting the flow of
> information against the individual's right to prepare his defense.

Id. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defense, the possible significance of the informer's testimony, and other relevant factors." Roviaro, 353 U.S. at 62.

1  In the Ninth Circuit, the "district judge's striking of the appropriate balance is reviewed for an abuse of
2  discretion" and "the judge's determination whether a defendant has made a sufficient showing to justify
3  an *in camera* hearing on disclosure under the same standard." Spires, 3 F.3d at 1238 (citing U.S. v. Sai
4  Keung Wong, 886 F.2d 252, 255 (9th Cir. 1989); U.S. v. Fixen, 780 F.2d 1434, 1440 (9th Cir. 1986.))
5       In Roviaro, the Supreme Court held that the district court had committed prejudicial error by
6  refusing to compel the government to disclose the identity of an informer. 353 U.S. at 65. In that case

>         the Government's informer was the sole participant, other than the
>         accused, in the [narcotics] transaction charged. The informer was the
>         only witness in a position to amplify or contradict the testimony of
>         government witnesses. Moreover, a government witness testified that
>         [the informer] denied knowing petitioner or ever having seen him before.

12 Id. at 64-65. The court pointed out that had the defendant known the identity of the informant and
13 called him to testify at trial, the informant's contradiction or amplification of testimony offered by an
14 undercover law enforcement officer "might have borne upon petitioner's knowledge of the contents of
15 the package [of narcotics] or might have tended to show entrapment." Id. at 64.
16      It is undisputed that the CI in this case was a percipient witness to each of the transactions
17 which are the subject of the pending indictment. As such, he is the only non law enforcement witness
18 in a position to amplify or contradict the testimony of government witnesses. Under these
19 circumstances, the court finds the defendant has met his threshold burden of showing that the informant
20 has information which may prove relevant and helpful to his defense, or essential to a fair trial. The
21 court, therefore, granted the defendant an *in camera* hearing. However, after the court's order in open
22 court, counsel asked for a side bar conference. After discussing the matter further, counsel agreed to an
23 alternative procedure, and submitted a proposed sealed order, which the court reviewed and signed.
24 (See Docket #49, filed under seal.)
25 **III.    Motion for Discovery (#21)**
26      Chester's motion for discovery seeks: (1) the grand jury transcripts, and (2) unredacted copies of
27 documents already provided to him by the government. These documents are sought primarily in
28 response to the government's refusal to disclose the identity of the CI. The government provided

Chester with copies of the grand jury transcripts prior to the hearing, and counsel for Chester acknowledged that this portion of the motion was, therefore, moot. The court's Order (#49) following consideration of Chester's Motion to Compel Disclosure of the Confidential Informant (#20) also renders the request for unredacted copies of documents previously provided moot.

### IV.     Defendant's *Pro Se* Filings

Defendant filed two matters with the court *pro se*. The first is captioned, "On Demand Notice and Motion to Tender of Offer of Payment Pursuant to U.C.C. 3-603 to Settle, Close and Offset All Revenue Obligations Pursuant to the Value of Criminal Charges 27 C.F.R. Section 72.11," (#35). The second is captioned, "On Demand Notice and Motion to Request for a Hearing for the On Demand Notice and Motion to Tender Offer of Payment Pursuant to U.C.C. 3-603 to Settle, Close and Offset All Revenue Obligations Pursuant to the Value of Criminal Charges Pursuant to 27 C.F.R. Section 72.11," (#36). The relief the defendant seeks is somewhat difficult to discern, but it appears he is attempting to settle and close this criminal case against him by citing provisions of the Uniform Commercial Code, a body of law that applies to civil, not criminal matters. As the Uniform Commercial Code does not apply to this criminal case, his requests for any relief in filings #35 and #36 are denied.

### V.     Defendant's Letters and Counsel's Responses

The court conducted a sealed *ex parte* proceeding and canvassed the defendant and counsel about Mr. Chester's expressed concerns about the state of trial preparation and relationship with counsel. The court heard from both Mr. Chester and counsel to explore their articulated conflicts and concerns in an effort to ease the defendant's dissatisfaction, distrust, and concern with counsel. After conducting the sealed *ex parte* hearing, both Mr. Chester and Mr. Green agreed that they were able to communicate and cooperate in preparing this case for trial. The court finds that while there have been temporary breakdowns in communication in the past, both are willing and able to communicate and cooperate together, and that no irreconcilable conflict exists which requires substitution of counsel.

Having reviewed and considered the matters,

**IT IS SO ORDERED**

1. Defendant's Motion for Permission to File Discovery Motions (#19) and Errata (#22) are GRANTED.

2. Defendant's Motion to Compel Government to Disclose Location of Unidentified Confidential Informant for Defense Pre-Trial Interview (#20) is GRANTED to the extent reflected in sealed Order (#49).

3. The Motion for Discovery (#21) is DENIED as moot.

4. Defendant's On Demand Notice and Motion for Tender of Offer of Payment Pursuant to UCC 3-603 (#35) is DENIED.

5. Defendant's Motion for Hearing (#36) is DENIED.

6. Defendant's letter requests to appoint substitute counsel, and Mr. Green's Responses (##39, 41, 46) which requested leave to withdraw are DENIED.

Dated this 28th day of March, 2007.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE