DANIEL G. BOGDEN
United States Attorney
CAMILLE W. DAMM
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336
Fax (702) 388-6296

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:06-cr-309-RJC |
| Plaintiff, ) | |
| v. ) | |
| CARL CHESTER, ) | |
| Defendant. ) | |

### GOVERNMENT'S APPLICATION FOR ORDER
### THAT ATTORNEY CLIENT PRIVILEGE IS WAIVED

COMES NOW, the United States of America by and through its attorneys, Daniel G. Bogden, United States Attorney, and Camille W. Damm, Assistant United States Attorney, and respectfully requests this court enter an order of waiver of the attorney-client privilege in this case.

This order is sought for the following reasons:

1. Defendant has filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by a person in federal custody, alleging ineffective assistance of counsel, to which this court has ordered a response.

. . .

2. Information from Defendant's former trial counsel, Donald J. Green, Esq., and sentencing counsel, Mark B. Bailus, Esq., is necessary in order to respond to Defendant's allegations.

3. We request this court's order that the attorney-client privilege is waived as to all contentions raised in Defendant's Section 2255 Motion, that all material and information related thereto be divulged to the government, and that Mr. Green and Mr. Bailus provide affidavits containing the same forthwith but not later than February 7, 2011.

4. The voluntary disclosure by a defendant of privileged attorney communications "constitutes waiver of the privilege as to all other such communications on the same subject." *Weil v. Investment/Indicators, Research & Management*, 647 F.2d 18, 24 (9th Cir. 1981). *See also, United States v. Zolin*, 809 F.2d 1411, 1415-16 (9th Cir. 1987); *Clady v. County of Los Angeles*, 770 F.2d, 1421, 1433 (9th Cir. 1985).

> Even when a party does not explicitly disclose the content of an attorney-client communication, he may waive the privilege implicitly. A person cannot always claim that he relied on counsel, while protecting what was said between them from disclosure. As we have said: "The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." (Citations omitted.)

*United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997).

**WHEREFORE**, based on the foregoing, it is respectfully requested that this court enter an order that the attorney-client privilege in this case as to Defendant Carl Chester is waived, and that Donald J. Green, Esq. and Mark B. Bailus, Esq., forthwith, but not later

. . .

2

1 | than February 7, 2011, provide the government with all materials and information related
2 | to the issues in Defendant's Section 2255 Motion.
3 |       **DATED**:  this 5th th day of January, 2011.

                                      Respectfully submitted,

                                      DANIEL G. BOGDEN
                                      United States Attorney

                                          /S/ Camille W. Damm
                                      CAMILLE W. DAMM
                                      Assistant United States Attorney

## CERTIFICATE OF SERVICE

UNITED STATES OF AMERICA,             )
                                       ) 2:06-cr-309-RJC
    Plaintiff,                        )
                                       )
v.                                     )
                                       )
CARL CHESTER,                          )
                                       )
    Defendant.                        )
_____)

The undersigned hereby certifies that she is an employee in the United States Attorney's Office, and is a person of such age and discretion as to be competent to serve papers.

That on January 5, 2011, she served a copy of **GOVERNMENT'S APPLICATION FOR ORDER THAT ATTORNEY CLIENT PRIVILEGE IS WAIVED** by electronic mail.

                                        /s/ Terrie Murray
                                        TERRIE MURRAY
                                        Legal Assistant

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 2:06-cr-309-RJC |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| CARL CHESTER, ) | |
| ) | |
| Defendant. ) | |

Based on the pending application of the government, and good cause appearing therefor,

IT IS THEREFORE ORDERED that the attorney-client privilege in 2:06-Cv.3:09 is waived, and that defense counsel Donald J. Green, Esq. and Mark B. Bailus, Esq., shall forthwith, but not later than February 7, 2011, provide the government with an affidavit containing all materials and information relating to matters put at issue in Defendant Carl Chester's Section 2255 Motion.

DATED: this 11th day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE

5