**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:06-CR-309-RCJ-PAL |
| | ) | |
| CARL CHESTER, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

Currently before the Court is Petitioner Carl Chester's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (#163). For the reasons given herein, the Court grants in part and denies in part the motion to vacate.

**BACKGROUND**

On August 29, 2006, a grand jury indicted Petitioner on the following three counts: (1) possession with intent to distribute and distribution of five grams or more of a mixture and substance containing a detectible amount of cocaine base, also known as crack cocaine, a controlled substance on May 10, 2006, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii); (2) possession with intent to distribute and distribution of 50 grams or more of a mixture and substance containing a detectible amount of cocaine base, also known as crack cocaine, a controlled substance on May 30, 2006, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii); and (3) possession with intent to distribute and distribution of 50 grams or more of a mixture and substance containing a detectible amount of cocaine base, also known as crack cocaine, a controlled substance on June 28, 2006, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). (Indictment (#1) at 1-2). At his arraignment on September 6, 2006, Petitioner pled not guilty

to Counts 1 through 3.  (Minutes of Proceedings (#4)).

On October 23, 2006, Petitioner's attorney, Assistant Federal Public Defender Richard Frankoff, and the Assistant United States Attorney Kathleen Bliss filed a stipulation to file any pretrial motions and notices of defenses by December 11, 2006, responsive pleadings by December 22, 2006, and any replies to any dispositive motions by December 26, 2006.  (First Stip. to Continue (#8) at 1-2).  The stipulation noted that the additional time in the stipulation was excludable under the Speedy Trial Act.  (*Id.* at 2).  The Court granted the stipulation and entered an order on November 27, 2006.  (Order (#11)).  The Court set a trial date of January 23, 2007, and noted that denying the request for continuance would have resulted in a miscarriage of justice and would have denied the parties the opportunity to effectively and thoroughly prepare for trial.  (*Id.* at 4).

On December 1, 2006, the Court appointed Donald J. Green as counsel for Petitioner. (Minutes of Proceedings (#13)).  On December 5, 2006, Green filed a second stipulation to file any pretrial motions and notices of defenses by January 19, 2007, responsive pleadings by February 16, 2007, and any replies by February 23, 2007.  (Second Stip. to Continue (#15) at 1, 4).  The stipulation noted that the extensions sought were excludable under the Speedy Trial Act.  (*Id.* at 11).  The Court granted the stipulation and entered an order setting the trial for March 27, 2007, and noted that denying the continuance would have denied defense counsel the opportunity to effectively and thoroughly prepare pretrial motions and for trial. (Order (#17) at 10, 13).  Green filed a third stipulation for continuance to extend the period for filing replies until March 2, 2007.  (Third Stip. to Continue (#18) at 2).  The Court granted the extension.  (Order (#26) at 6).  On March 13, 2007, the government moved to set a firm trial date by April 6, 2007, noting that the must-be-tried date was April 7, 2007.  (Mot. for Firm Trial Date (#40) at 1).  The Court set trial for April 3, 2007.  (Minutes of Proceeding (#48)).

On April 3, 2007, a three-day trial commenced.  (*See* Minutes of Proceedings (#67-69)). At trial, the government demonstrated that a confidential source, Lamont Adams, was working with Detective Eric Calhoun when Petitioner sold and distributed crack cocaine on the days specified in the indictment.  (*See generally* Gov't Trial Memorandum (#56) at 2-4).  On August

15, 2006, Drug Enforcement Agency ("DEA") agents conducted a traffic stop and searched Petitioner and his vehicle and found $10,000 based on a search conducted by Officer Jaegar's drug-sniffing dog. (*See* Reply to Mot. to Vacate (#181) at 2-3). The defense raised the affirmative defense of entrapment. (*See id.* at 2). The jury convicted Petitioner on all three counts. (Jury Verdict (#77) at 1-4). After trial, the Court appointed Mark Bailus as Petitioner's attorney. (Orders (#84-85)).

At sentencing, the probation officer stated that if the Court classified Petitioner as a career offender the recommended guideline range was 360-months' imprisonment to life. (Sentencing Transcript (#141) at 16). If the Court did not classify Petitioner as a career offender, Petitioner's recommended guideline range was 262 to 327 months' imprisonment. (*Id.* at 16-17, 19). This Court issued Petitioner an obstruction of justice enhancement and classified Petitioner as a career offender based on qualifying convictions from 2001 and 2004. (*Id.* at 20, 66-67). The Court sentenced Petitioner to 264-months' imprisonment for each count to run concurrently with each other based on a variance under the 18 U.S.C. § 3553(a) factors. (Judgment (#133) at 2; Sentencing Transcript (#141) at 82).

Petitioner appealed to the Ninth Circuit Court of Appeals. (*See* Notice of Appeal (#131)). The Ninth Circuit affirmed the conviction and found the following. (Ninth Cir. Op. (#153) at 7). The traffic stop was not pretextual because Petitioner had been pulled over while driving 80 miles per hour through a marked construction zone in violation of Nevada law. (*Id.* at 2-3). Multiple witnesses had testified that the drugs in question were crack cocaine or rock cocaine, common names for cocaine base. (*Id.* at 3). Chester also had testified that the drugs in question were crack cocaine. (*Id.*). The district court did not plainly err when it found that Adams's testimony of Petitioner's previous drug-related conduct was sufficient evidence of Chester's predisposition. (*Id.* at 5). The district court did not abuse its discretion by issuing an obstruction of justice enhancement under U.S.S.G. § 3C1.1. (*Id.*). The district court did not commit procedural error in calculating the Sentencing Guidelines range and did not abuse its discretion by imposing a sentence at the low end of the non-career offender range. (*Id.* at 6). The U.S. Supreme Court denied a petition for writ of certiorari on October 13, 2009. (*See*

Resp. to Mot. to Vacate (#173) at 2).

Petitioner timely filed his motion to vacate on September 23, 2010. (*See* Mot. to Vacate (#163)). The government responded, Petitioner's court-appointed counsel replied, and Petitioner, *pro se*, replied. (Resp. to Mot. to Vacate (#173); Reply to Mot. to Vacate (#181); Chester Reply Ltr (#182)).

## LEGAL STANDARD

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court announced a two-prong analysis for ineffective assistance of counsel claims. First, a claimant must "show that counsel's performance was deficient." *Id.* at 687, 104 S.Ct. at 2064. Counsel renders deficient performance when representation falls "below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104. S.Ct. at 2065. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

If a claimant establishes that counsel's performance was deficient, he must then show that the deficiencies were prejudicial–"that they actually had an adverse effect on the defense." *Id.* at 693, 104 S.Ct. at 2067. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068; *Rhoades v. Henry*, 611 F.3d 1133, 1141 (9th Cir. 2010).

An inmate filing a claim for federal habeas relief under 28 U.S.C. § 2255 is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003). The Ninth Circuit has held that an evidentiary hearing is required where the movant has made specific factual allegations that, if true, state a claim on which relief could be granted. *Id.*

## DISCUSSION

In his motion to vacate, Petitioner raises seven ineffective assistance of counsel claims,

one prosecutorial misconduct claim, and one sentencing error claim.  (*See* Mot. to Vacate (#163) at 13-28).

**I.   Ineffective Assistance of Counsel**

Petitioner alleges the following ineffective assistance of counsel claims against his trial attorney Donald J. Green: (1) failure to raise a violation of the Speedy Trial Act and Sixth Amendment right to a speedy trial; (2) failure to object to Officer Jaegar's expert opinion testimony; (3) failure to file a motion to suppress the $10,000 found during a traffic stop on August 15, 2006; (4) failure to advise Petitioner of a change in defense; (5) failure to file a motion to suppress audio recordings; (6) failure to tell the government that Petitioner wanted to plead guilty in state court; and (7) failure to investigate, research, or explore drug evidence in the case.  (*See id.* at 13-25).

In his first claim for relief, Petitioner argues that Green was ineffective because he should have filed a motion to dismiss the indictment as soon as Green was hired because 70 days had elapsed on November 17, 2006.  (*Id.* at 16).  Petitioner asserts that he was prejudiced by the delay because he was unable to locate witnesses for his defense.  (*Id.*).

Under the Speedy Trial Act, a defendant must be brought to trial within 70 days after the indictment is filed.  18 U.S.C. § 3161(c)(1).  The Act mandates dismissal of the indictment upon defendant's motion if the 70-day limitations period is exceeded.  18 U.S.C. § 3162(a)(2). The Act excludes periods of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).  The Act also excludes "[a]ny period of delay resulting from a continuance . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  *Id.* § 3161(h)(7)(A).

In determining whether a violation of defendant's right to a speedy trial under the Sixth Amendment occurred, the Court considers: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice resulting from the delay."

5

*United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (citing *Barker v. Wingo*, 407 U.S. 514, 531-33, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). The focal inquiry is the reason for the delay. *Id.* The Ninth Circuit has held that it would be "an unusual case in which the time limits of the Speedy Trial Act have been met but the sixth amendment right to speedy trial has been violated" because the Act affords greater protection to a defendant's right to a speedy trial than the Sixth Amendment. *Id.*

In this case, the speedy trial period commenced on August 29, 2006, with the filing of the indictment. (*See* Indictment (#1)). On October 23, 2006, Chester's attorney filed a stipulated motion to continue motion deadlines and trial dates. (*See* First Stip. to Continue (#8)). At that period in time, 55 days had elapsed. On November 27, 2006, this Court issued an order on the motion extending the trial date to January 23, 2007. (*See* Order (#11)). Because the Court found that the ends of justice would be served by this continuance, this period of time is excludable. Because Petitioner's attorney filed for a continuance during that extension period and the Court found that the ends of justice would be served by continuing the trial until March 27, 2007, this period of time is excludable. On March 28, 2007, the Court ruled on all outstanding pretrial motions. (Order (#63)). The speedy trial clock ran between March 29, 2007, and April 2, 2007, with a total of 60 days elapsing. As such, there was no Speedy Trial Act violation before the start of trial on April 3, 2007. The Court also finds that there was no Sixth Amendment speedy trial violation because Petitioner's attorney moved for the continuances. Additionally, Petitioner fails to establish prejudice based on the delay because he does not identify the witnesses that he could not locate and does not explain how they would have changed the outcome of the trial. Accordingly, the Court dismisses Petitioner's first claim for ineffective assistance of counsel.

In his second claim for relief, Petitioner argues that Green was ineffective for falling to object to Officer Jaegar's "expert" testimony regarding how much cocaine residue is contained on paper money in general and for failing to request a curative instruction. (Mot. to Vacate (#163) at 17-18). Petitioner asserts that Officer's Jaegar's testimony prejudiced him because

the unqualified expert testimony caused Petitioner's entrapment defense[1] to be less than credible by showing predisposition on the part of Petitioner to commit the crime and allowed the jury to convict him based on expert testimony by someone who was not an expert. (*Id.* at 19).

In this case, even if Green had engaged in deficient performance for failing to object to Officer Jaegar's "expert" portion of his testimony, Petitioner fails to demonstrate prejudice because other witnesses testified about Petitioner's predisposition to drug-related conduct. (*See* Ninth Cir. Op. (#153) at 5) (holding that the district court's ruling that Adams's testimony of Chester's previous drug-related conduct was sufficient evidence of Chester's predisposition). As such, even if Officer Jaegar had not been able to give his "expert" testimony, the jury had sufficient evidence to find predisposition and convict Petitioner. Accordingly, the Court dismisses Petitioner's second cause of action.

In the third claim for relief, Petitioner argues that Green was ineffective for failing to file a motion to suppress the traffic stop on August 15, 2006. (Mot to Vacate (#163) at 21). Petitioner argues that the stop was pretextual in order to conduct an improper search of his vehicle and person. (*Id.*). He argues that Green should have filed a motion to suppress Petitioner's consent to the search because the motion to suppress would have revealed that the stop was pretextual. (*Id.* at 21-23). Petitioner also argues that he was not informed of his right to decline the search. (*Id.* at 23).

The Court dismisses Petitioner's third claim for relief. First, the Ninth Circuit already has held that the stop was not pretextual because Chester had been pulled over while driving 80 miles per hour through a marked construction zone in violation of Nevada law. (*See* Ninth Cir. Op. (#153) at 2-3). As such, this Court will not review this issue. *See United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979) (holding that issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding). Second, the Constitution does

---

[1] "The affirmative defense of entrapment contains two elements: government inducement of the crime and absence of predisposition on the part of the defendant." *United States v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003).

not require proof of knowledge of a right to refuse as the *sine qua non* of an effective consent to a search even though such knowledge is highly relevant to the determination that there had been consent.  *See United States v. Mendenhall*, 446 U.S. 544, 558-59, 100 S.Ct. 1870, 1879, 64 L.Ed.2d 497 (1980).

In the fourth claim for relief, Petitioner argues that Green failed to advise Petitioner of the change in his defense and, thus, Petitioner could not effectively assist in his own defense. (Mot. to Vacate (#163) at 24).  Petitioner argues that his defense was that he did not do it and that, even if he did, he was entrapped.  (*Id.*).  He asserts that Green did not present the defense that he did not do it at trial.  (*Id.*).  Petitioner contends that his attempt to "wing it" and respond to questions with answers he thought were helpful resulted in him receiving an enhancement for obstruction of justice.  (*Id.*).

In this claim, Petitioner essentially argues that Green was ineffective because had Green informed Petitioner of a change in his defense, Petitioner would not have lied on the stand and received an obstruction of justice enhancement. The Ninth Circuit held that the district court did not err in issuing an obstruction of justice enhancement under U.S.S.G. § 3C1.1 based on the finding that Chester had misrepresented facts to the jury by falsely claiming to have never handled the drugs and falsely stating that his primary source of revenue was gambling. (*See* Ninth Cir. Op. (#153) at 5). Here, the outcome of the trial would have been the same had Petitioner told the jury the truth.  Accordingly, the Court finds that Petitioner fails to demonstrate prejudice and dismisses the claim.  Moreover, the evidence submitted by the government demonstrates that Green did present the defense that Petitioner "did not do it."  (*See* Green Aff. (#173-1) at 20-21).

In the fifth claim for relief, Petitioner argues that Green was ineffective for not filing a motion to suppress the audio recordings because those recordings helped in the "I didn't do it" defense that Green did not present. (Mot. to Vacate (#163) at 24).  Petitioner asserts that he was prejudiced because the government used those recordings.  (*Id.*).  The Court dismisses this claim because Green did present the defense that Petitioner did not do it. Moreover, Petitioner does not demonstrate how the exclusion of those audio recordings would

have changed the outcome of the proceeding and, thus, even if Green was ineffective for failing to suppress those recordings, Petitioner had not demonstrated prejudice.

In the sixth claim for relief, Petitioner asserts that Green was ineffective because Green failed to tell the government that he wanted to plead guilty in state court to resolve the proceedings in federal court. (Mot. to Vacate (#163) at 25). Petitioner asserts that he was prejudiced because he could have possibly obtained a favorable plea agreement saving him years of incarceration. (*Id.*).

The Court dismisses this claim because Petitioner had been indicted in federal court and, thus, there was no legal basis for a guilty plea in state court. (*See* Green Aff. (#173-1) at 22). Additionally, AUSA Kathleen Bliss declared that there was no basis in fact or policy for her to have dismissed the federal case and refer charges to the state. (Bliss Decl. (#176-1) at 2). Bliss also states that she would have rejected such a proposal. (*Id.*).

In his seventh claim for relief, Petitioner argues that Green was ineffective because Green failed to have the drug evidence re-tested for crack cocaine and failed to follow up with an issue regarding the weight of the drugs. (Mot. to Vacate (#163) at 25).

The Court dismisses this claim because Petitioner fails to demonstrate prejudice. On appeal, the Ninth Circuit noted that Chester, among other witnesses, had all testified that the drugs at issue were crack cocaine. (*See* Ninth Cir. Op. (#153) at 3). As such, a re-test would not have changed the outcome of the trial. Additionally, with respect to the issue regarding the weight of the drugs, Petitioner does not demonstrate that there was a reasonable probability that, had Green re-weighed the drugs, the outcome of the trial would have been different.

Accordingly, the Court finds that Petitioner's ineffective assistance of counsel claims are without merit and dismisses claims one through seven with prejudice.

**II.    Prosecutorial Misconduct**

In his eighth claim for relief, Petitioner alleges that the government secured his conviction by presenting a false inference to the jury. (Mot. to Vacate (#163) at 25-26). Specifically, Petitioner argues that the government suppressed information that the traffic stop

was pretextual.

As stated above, this Court will not revisit the issue of whether the traffic stop was pretextual because the Ninth Circuit already held that the stop was not pretextual on direct appeal. As such, the Court dismisses this claim.

### III. Sentencing Error

In the ninth claim for relief, Petitioner argues that he is not a career offender because, in August 2009, the state court corrected an error on his judgment of conviction. (Mot. to Vacate (#163) at 27). He also asserts that the pre-sentence investigation report ("PSR") inaccurately listed facts in his criminal history. (*Id.*). He also disputes his obstruction of justice enhancement. (*Id.* at 28).

The Court will not revisit the issue of the obstruction of justice enhancement because the Ninth Circuit has already addressed this issue. Additionally, the Court will not address alleged factual inaccuracies in the PSR regarding Petitioner's criminal history. *See United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994) (holding that non-constitutional sentencing errors that have not been raised on direct appeal have been waived and will not be reviewed in a § 2255).

However, with respect to Petitioner's argument regarding the correction of one of his state court convictions, the Court notes that a "defendant who successfully attacks a state conviction may seek review of any federal sentence that was enhanced because of the prior state conviction" in a § 2255. *United States v. Hayden*, 255 F.3d 768, 770 (9th Cir. 2001) (citing *United States v. LaValle*, 175 F.3d 1106, 1108 (9th Cir. 1999)). The Court finds that neither Petitioner, nor his court-appointed counsel, have provided any information regarding which judgment of conviction the state court corrected in August 2009 and neither have stated whether this judgment of conviction was one of the offenses used to qualify Petitioner as a career offender. As such, the Court orders Petitioner and his court-appointed counsel to provide the Court with supplemental briefing on this issue.

///

///

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Petitioner's Motion to Vacate (#163) is granted in part and denied in part. Specifically, the Court dismisses with prejudice claims one through eight. With respect to the ninth claim, the Court orders supplemental briefing on the judgment of conviction that was corrected in August 2009. The Court dismisses with prejudice all other sentencing claims raised under the ninth cause of action.

IT IS FURTHER ORDERED that Petitioner's appointed counsel shall provide supplemental briefing on the corrected judgment of conviction within 30 days of the filing of this order.

DATED: This 4th day of October, 2011.

_____
United States District Judge