# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | 2:06-CR-309-RCJ-PAL |
| CARL CHESTER, ) | **ORDER** |
| Defendant. ) | |

Currently before the Court are three motions for certificate of appealability (#210, 213, 214).

## BACKGROUND

In April 2007, a jury convicted Petitioner of (1) possession with intent to distribute and distribution of five grams or more of a mixture and substance containing a detectible amount of cocaine base, also known as crack cocaine, a controlled substance on May 10, 2006, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii); (2) possession with intent to distribute and distribution of 50 grams or more of a mixture and substance containing a detectible amount of cocaine base, also known as crack cocaine, a controlled substance on May 30, 2006, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii); and (3) possession with intent to distribute and distribution of 50 grams or more of a mixture and substance containing a detectible amount of cocaine base, also known as crack cocaine, a controlled substance on June 28, 2006, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). (Indictment (#1) at 1-2; Jury Verdict (#77) at 1-4). At sentencing, this Court issued an obstruction of justice enhancement to Petitioner and classified him as a career offender based on qualifying convictions from 2001 and 2004.

1  (Sentencing Transcript (#141) at 20, 66-67).  Petitioner's career offender advisory guideline
2  range was 360 months' imprisonment to life based on a total offense level of 37 and a criminal
3  history category of VI.  (*Id.* at 71).  The Court sentenced Petitioner to 264-months'
4  imprisonment for each count to run concurrently with each other based on a variance under
5  the 18 U.S.C. § 3553(a) factors.  (Judgment (#133) at 2; Sentencing Transcript (#141) at 82).

6  On October 4, 2011, this Court issued an order granting in part and denying in part
7  Petitioner Carl Chester's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct
8  Sentence (#163). (Order (#187) at 1). Specifically, the Court dismissed claims one through
9  eight with prejudice. (*Id.* at 11).  With respect to the ninth claim, the Court ordered
10 supplemental briefing on the judgment of conviction that had been allegedly corrected in
11 August 2009. (*Id.*).  The Court dismissed all other sentencing claims raised under the ninth
12 cause of action with prejudice.  (*Id.*).

13 After reviewing the supplemental briefing, this Court found that Petitioner's amended
14 judgment of conviction demonstrated that his prior 2004 felony conviction had been amended
15 to a gross misdemeanor, punishable for not more than one year. (Order (#192) at 4). As
16 such, one of the prior felony convictions that this Court had used to classify Petitioner as a
17 career offender no longer qualified as a "prior felony conviction" under the sentencing
18 guidelines. (*Id.*). The Court granted Petitioner's motion to vacate (#163) on that issue only and
19 found that Petitioner was entitled to a re-sentencing on that issue only and directed U.S.
20 Probation to provide an amended PSR in light of the amended 2004 conviction to a gross
21 misdemeanor and the recent crack cocaine amendments to the federal sentencing guidelines.
22 (*Id.*).

23 At re-sentencing, the Court sentenced Petitioner to 168-months' imprisonment for each
24 count to run concurrently with each other.  (Amended J. (#222) at 2).  Petitioner now files
25 motions for certificate of appealability.

26 **LEGAL STANDARD**

27 Pursuant to 28 U.S.C. § 2253(c)(1), there may be no appeal taken in a final order in a
28 proceeding under 28 U.S.C. § 2255 unless a district court or circuit court judge issues a

certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A court may only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The COA shall indicate which specific issue or issues satisfy the substantial showing of the denial of a constitutional right. *Id.* at § 2253(c)(3).

## DISCUSSION

In this case, Petitioner files three motions for certificate of appealability. (Mot. for COA (#210, 213, 214). In the first COA motion, Petitioner, *pro se*, states that he "would like to file an ineffective assistance of [counsel] claim pertaining to [his] sentencing [counsel]." (Mot. for COA (#209) at 1). In the second COA motion, Petitioner's attorney simply states that Petitioner moves the Court for a COA from the final judgment after Petitioner's new sentence. (Mot. for COA (#213) at 1). In the third COA motion, Petitioner's attorney simply states that Petitioner moves the Court for a COA from the Court's October 4, 2011 order. (Mot. for COA (#214) at 1).

The Court finds that none of these motions demonstrate a substantial showing of the denial of a constitutional right and, thus, the Court may not issue a COA in this case. Although Petitioner, *pro se*, alleges ineffective assistance of counsel by his court-appointed counsel for his motion to vacate, he has not provided any reasons why his court-appointed counsel was ineffective during his 28 U.S.C. § 2255 proceedings in his motion for COA. (*See* Mot. for COA (#209) at 1). As such, the Court denies the motions for COA (#210, 213, 214).

This Court notes that, pursuant to Ninth Circuit Local Rule 22-1(d), Petitioner may file a COA with the court of appeals within 35 days of this Court's entry of the order denying Petitioner's COA in full. Ninth Circuit Local Rule 22-1(d), in relevant part, states, "If the district court denies a COA as to all issues, petitioner may file a motion for a COA in the court of appeals within 35 days of the district court's entry of its order (1) denying a COA in full, or, (2) denying a timely filed post-judgment motion, whichever is later." The Court further notes that, if Petitioner chooses to file a motion for COA with the circuit court, he must demonstrate a substantial showing of the denial of a constitutional right for his ineffective assistance of counsel claim.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motions for Certificate of Appealability (#210, 213, 214) are DENIED.

DATED: This 22nd day of May, 2012.

_____
United States District Judge