UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:06-cr-00309-RCJ-PAL |
| vs. | ) | |
| | ) | |
| CARL CHESTER, | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

In December 2007, a jury convicted Defendant Carl Chester of three counts of possession of a controlled substance with intent to distribute. The Court sentenced Defendant to 264 months of imprisonment, to be followed by five years of supervised release. Defendant appealed, and the Court of Appeals affirmed in March 2009. Defendant later successfully moved in state court to have a state criminal judgment against him amended. Defendant then filed a habeas corpus motion in this Court pursuant to 28 U.S.C. § 2255, arguing, *inter alia*, that he should be resentenced because the original sentencing was based on a career offender finding that could not be supported in light of the correction to the state court judgment. In October 2011, the Court granted the motion as to resentencing but denied the motion as to the claims of ineffective assistance of counsel and prosecutorial misconduct. In March 2012, the Court resentenced Defendant to 168 months of imprisonment, to be followed by five years of supervised release. Defendant appealed, and the Court of Appeals affirmed in August 2013.

Defendant filed a second § 2255 motion. The Court denied the motion, stating that Defendant would have to petition the Court of Appeals for permission to file a successive motion

under § 2255. *See* 28 U.S.C. § 2255(h).  Defendant has filed a motion to reconsider, noting that a § 2254 motion is not "second or successive" under the statute if an amended judgment and sentencing has intervened since the first motion was adjudicated. *See Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012).[1]

Assuming *arguendo* that the Court of Appeals would read "second or successive" under § 2255(h) to mean the same thing as it does under § 2244(b), the Court declines to reconsider, as the motion is without merit.  Defendant first argues that his appellate counsel was ineffective as to the appeal of Defendant's March 2012 resentencing.  He argues that appellate counsel failed to appeal this Court's failure to apply the newer five-year mandatory minimums to his convictions for counts two and three, as opposed to the previous ten-year minimums that previously applied to the amount of crack cocaine at issue.  Defendant notes that *Dorsey* v. *United States*, 132 S. Ct. 2321, 2335 (2012) held that all sentencings occurring on or after August 3, 2010 must apply the new mandatory minimums, regardless of whether the crime occurred when the mandatory minimums were higher.  The United States is correct, however, that the three concurrent 168-month sentences were not affected by the difference between a five- and ten-year mandatory minimum.  In order for Defendant to claim any prejudice from either the Court's error or his attorney's failure to appeal it, he would have to show that the Court desired to sentence him to between five and ten years, but that it ultimately sentenced him to more than ten years because it wrongly believed that the ten-year mandatory minimum applied.  The record belies this conclusion.  The Court sentenced Defendant to the low end of the guidelines range, refusing to depart or vary downward from the fourteen-year low-end sentence, which it plainly could have done even under the incorrect premise that the ten-year minimum applied.  It is therefore clear

---

[1] Defendant also asks the Court to issue a certificate of appealability, sanction the United States, enter default judgment in his favor, hold an evidentiary hearing, release him or transfer him to a facility closer to Las Vegas in anticipation of an evidentiary hearing, and appoint counsel.  The Court denies those motions.

that no misunderstanding concerning the applicability of the Fair Sentencing Act of 2010 affected Defendant's resentencing.

Second, Defendant argues that his appellate counsel was ineffective for failing to appeal the Court's sentencing based on the amount of cocaine base as determined by the Probation Office rather than the jury. The jury verdict included findings that count one involved at least five grams of cocaine base and that counts two and three each involved at least fifty grams of cocaine base. Defendant argues that the Court's adoption of the Probation Office's findings of 44.5, 50.8, and 71.1 grams of cocaine base, respectively was therefore in error, because the jury did not find those amounts beyond a reasonable doubt. Defendant is correct that the Court was not constitutionally permitted to sentence Defendant according to any statutorily higher mandatory minimum or maximum sentence than that supported by the verdict, *see Alleyne v. United States*, 133 S. Ct. 2151 (2013); *Apprendi v. New Jersey*, 530 U.S. 466 (2000), but Defendant fails to note that the Court had discretion to sentence him within the full statutory range implicated by the jury verdict so long as it consulted the guidelines, *see United States v. Booker*, 543 U.S. 220 (2005). The Court was permitted to make findings of some greater amount of cocaine base, so long as the amount found by the Court did not subject Defendant to a higher statutory range on either end, which it did not. Under the statutory ranges as they existed when Defendant was convicted, there was no higher statutory range after fifty grams. *See* Narcotics Penalties and Enforcement Act of 1986, § 1002, 100 Stat. 3207 (1986).

Third, Defendant argues that appellate counsel was ineffective for failing to file a supplemental brief based on *Alleyne* arguing that the Court erred in applying the obstruction of justice enhancement. But as the United States correctly notes, again, this enhancement did not increase the statutory minimum or maximum sentence.

Fourth, Defendant argues that trial counsel was ineffective for conducting an unmeritorious entrapment-based defense. Defendant argues that had his trial counsel adequately

understood the law, Defendant might have taken a plea agreement rather than go to trial.[2] As the United States notes, this claim is barred. Plaintiff could have brought this exact claim in his previous § 2255 motion, because it is based on his original conviction, not his later resentencing after his first successful § 2255 motion.

Finally, Defendant argues that trial counsel was ineffective at his resentencing for failing to discuss the pre-sentence report with him prior to the hearing, and that had trial counsel discussed it with him, he may have pointed out that the pre-Fair Sentencing Act mandatory minimums were erroneously recited therein. As the Court has noted, *supra*, however, no prejudice can have resulted from that error.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions (ECF Nos. 262, 264, 266, 268, 271, 272, and 276) are DENIED.

IT IS SO ORDERED.

Dated: This 3rd day of October, 2014.

_____
ROBERT C. JONES
United States District Judge

---

[2] Defendant does not argue that the United States made any plea agreement that he rejected on the advice of counsel, only that he might have been able to negotiate one.