# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:06-cr-00309-RCJ-PAL-1 |
| vs. ) | |
| ) | |
| CARL CHESTER, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

In December 2007, a jury convicted Defendant Carl Chester of three counts of possession of a controlled substance with intent to distribute. The Court sentenced Defendant to 264 months of imprisonment, to be followed by five years of supervised release. Defendant appealed, and the Court of Appeals affirmed in March 2009. Defendant later successfully moved in state court to have a state criminal judgment against him amended. Defendant then filed a habeas corpus motion in this Court pursuant to 28 U.S.C. § 2255, arguing, *inter alia*, that he should be resentenced because the original sentencing was based on a career offender finding that could not be supported in light of the correction to the state court judgment. In October 2011, the Court granted the motion as to resentencing but denied the motion as to the claims of ineffective assistance of counsel and prosecutorial misconduct. In March 2012, the Court resentenced Defendant to 168 months of imprisonment, to be followed by five years of supervised release. Defendant appealed, and the Court of Appeals affirmed in August 2013.

Defendant filed a second § 2255 motion. The Court denied the motion, stating that Defendant would have to petition the Court of Appeals for permission to file a successive motion

1  under § 2255. *See* 28 U.S.C. § 2255(h).  Defendant filed a motion to reconsider, noting that a
2  § 2254 motion is not "second or successive" under the statute if an amended judgment and
3  sentencing has intervened since the first motion was adjudicated. *See Wentzell v. Neven*, 674 F.3d
4  1124, 1127 (9th Cir. 2012).  The Court, assuming *arguendo* that the Court of Appeals would read
5  "second or successive" under § 2255(h) to mean the same thing as it does under § 2244(b),
6  declined to reconsider, denying the arguments on the merits.  Defendant also asked the Court to
7  issue a certificate of appealability, sanction the United States, enter default judgment in his favor,
8  hold an evidentiary hearing, release him or transfer him to a facility closer to Las Vegas in
9  anticipation of an evidentiary hearing, and appoint counsel.  The Court denied those motions.
10 The Court of Appeals denied a motion for a certificate of appealability.  Defendant filed several
11 more motions asking the Court to reconsider and reassign the case to a new judge.  The Court
12 denied those motions.
13     Defendant has filed several more motions.  Motions 300, 311, and 312 request
14 reconsideration of various issues.  Insofar as the Court still has jurisdiction, the Court declines to
15 reconsider.  Motion 301 requests that the Court reassign the Federal Public Defender ("FPD") in
16 place of the newly appointed CJA attorney.  The Court denies the motion.  The FPD has claimed
17 a conflict of interest, and as the Court of Appeals has noted in denying a similar motion,
18 Defendant is not entitled to an attorney of his choice.  Motion 307 requests reassignment to a
19 new judge.  Insofar as the Court still has jurisdiction, the Court denies the motion.  Defendant
20 identifies no reason for reassignment apart than disagreement with the Court's rulings.  Motion
21 313 appears to request a settlement of Defendant's appeal.  The Court may not participate in
22 negotiations between Defendant and the Government.
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions (ECF Nos. 300, 301, 307, 311, 312, 313) are DENIED.

IT IS SO ORDERED.

Dated this 26th day of August, 2015.

_____
ROBERT C. JONES
United States District Judge