# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

CARL CHESTER,

        Defendant.

2:06-cr-00309-RCJ-PAL-1

**ORDER**

In December 2007, a jury convicted Defendant Carl Chester of three counts of possession of a controlled substance with intent to distribute. The Court sentenced Defendant to 264 months of imprisonment, to be followed by five years of supervised release. Defendant appealed, and the Court of Appeals affirmed in March 2009. Defendant later successfully moved in state court to have a state criminal judgment against him amended. Defendant then filed a habeas corpus motion in this Court pursuant to 28 U.S.C. § 2255, arguing, *inter alia*, that he should be resentenced because the original sentencing was based on a career offender finding that could not be supported in light of the correction to the state court judgment. In October 2011, the Court granted the motion as to resentencing but denied the motion as to the claims of ineffective assistance of counsel and prosecutorial misconduct. In March 2012, the Court resentenced Defendant to 168 months of imprisonment, to be followed by five years of supervised release. Defendant appealed, and the Court of Appeals affirmed in August 2013.

    Defendant filed a second § 2255 motion. The Court denied the motion, stating that Defendant would have to petition the Court of Appeals for permission to file a successive motion

1 under § 2255. *See* 28 U.S.C. § 2255(h). Defendant filed a motion to reconsider, noting that a
2 § 2254 motion is not "second or successive" under the statute if an amended judgment and
3 sentencing has intervened since the first motion was adjudicated. *See Wentzell v. Neven*, 674 F.3d
4 1124, 1127 (9th Cir. 2012). The Court, assuming *arguendo* that the Court of Appeals would read
5 "second or successive" under § 2255(h) to mean the same thing as it does under § 2244(b),
6 declined to reconsider, denying the arguments on the merits. Defendant also asked the Court to
7 issue a certificate of appealability, sanction the United States, enter default judgment in his favor,
8 hold an evidentiary hearing, release him or transfer him to a facility closer to Las Vegas in
9 anticipation of an evidentiary hearing, and appoint counsel. The Court denied those motions.
10 The Court of Appeals denied a motion for a certificate of appealability. Defendant filed several
11 more motions asking the Court to reconsider and reassign the case to a new judge. The Court
12 denied those motions. Defendant later filed several more motions. for appointment of the
13 Federal Public Defender that the Court had permitted to withdraw due to a conflict of interest, for
14 reassignment to a new judge and to order a settlement of Defendant's appeal. The Court denied
15 the motions.
16     Defendant has now asked the Court to issue a certificate of appealability as to the most
17 recent order. The Court denies the motion. Defendant has also filed a motion titled "Motion of
18 Actual Innocence and Unlawful Incarceration." Defendant must petition the Court of Appeals to
19 file what amounts to a successive § 2255 motion.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions (ECF Nos. 318, 319) are DENIED.

IT IS SO ORDERED.

Dated this 25th day of September, 2015.

_____
ROBERT C. JONES
United States District Judge