# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>　　　　　　　　　　　　　　　) <br>　　　　　　Plaintiff,　　　　　) <br>　　　　　　　　　　　　　　　) <br>　　vs.　　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　) <br>CARL CHESTER,　　　　　　　　) <br>　　　　　　　　　　　　　　　) <br>　　　　　　Defendant.　　　　) <br>_____) | 2:06-cr-00309-RCJ-PAL-1<br><br>**ORDER** |

　　　　In December 2007, a jury convicted Defendant Carl Chester of three counts of possession of a controlled substance with intent to distribute. The Court sentenced Defendant to 264 months of imprisonment, to be followed by five years of supervised release. Defendant appealed, and the Court of Appeals affirmed in March 2009. Defendant later successfully moved in state court to have a state criminal judgment against him amended. Defendant then filed a habeas corpus motion in this Court under 28 U.S.C. § 2255, arguing, *inter alia*, that he should be resentenced because the original sentencing was based on a career offender finding that could not be supported in light of the correction to the state court judgment. In October 2011, the Court granted the motion as to resentencing but denied the motion as to the claims of ineffective assistance of counsel and prosecutorial misconduct. In March 2012, the Court resentenced Defendant to 168 months of imprisonment, to be followed by five years of supervised release. Defendant appealed, and the Court of Appeals affirmed in August 2013.

　　　　Defendant filed a second § 2255 motion. The Court denied the motion, stating that Defendant would have to petition the Court of Appeals for permission to file a successive motion

under § 2255. *See* 28 U.S.C. § 2255(h).  Defendant filed a motion to reconsider, noting that a § 2254 motion is not "second or successive" under the statute if an amended judgment and sentencing has intervened since the first motion was adjudicated. *See Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012).  The Court, assuming *arguendo* that the Court of Appeals would read "second or successive" under § 2255(h) to mean the same thing as it does under § 2244(b), declined to reconsider, denying the arguments on the merits.

   Defendant also asked the Court to issue a certificate of appealability, sanction the United States, enter default judgment in his favor, hold an evidentiary hearing, release him or transfer him to a facility closer to Las Vegas in anticipation of an evidentiary hearing, and appoint counsel.  The Court denied those motions.  The Court of Appeals denied a motion for a certificate of appealability as to that ruling.  Defendant filed several more motions asking the Court to reconsider and reassign the case to a new judge.  The Court denied those motions. Defendant later filed several more motions for appointment of the Federal Public Defender that the Court had permitted to withdraw due to a conflict of interest, for reassignment to a new judge, and to order a settlement of Defendant's appeal.  The Court denied the motions. Defendant later asked the Court to issue a certificate of appealability as to the order denying those motions.  The Court denied the motion.  The Court also denied a motion titled "Motion of Actual Innocence and Unlawful Incarceration."

   Defendant later asked the Court to reconsider its April 17, 2014 order denying his second § 2255 motion based on the state court having corrected certain records.  Specifically, he noted that the state court had since corrected its own record to reflect that "Def[endan]t as part of his negotiations in [Case No. C201197] indeed pled guilty in [Case No. 03M284706X]." That did not tend to show that the two sentences should be counted as one under the Guidelines, however. The relevant provision reads:

   If the defendant has multiple prior sentences, determine whether those

sentences are counted separately or as a single sentence.  Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).  If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2).  The evidence adduced by Defendant only tended to show that both cases were resolved as a part of the same negotiations.  The evidence did not tend to answer the relevant questions of whether Defendant was arrested for the first offense before he committed the second offense or, if not, whether both offenses were included in the same charging instrument (almost certainly not the case, as the offenses were charged in different courts, i.e., the Las Vegas Justice Court and the Eighth Judicial District Court) or whether the sentences were imposed on the same day (also unlikely for the same reason).

Defendant also argued that his resentencing counsel failed to discuss the pre-sentence report with him.  But the Court of Appeals had already denied a certificate of appealability as to the Court's April 17, 2014 dismissal order, in which the Court denied, *inter alia*, Defendant's claims of ineffective assistance of re-sentencing counsel because the motion was successive.

Defendant has now asked the Court to correct the presentence investigation report and to reconsider its denial of his latest § 2255 motion.  Defendant argues that the prior offenses recounted, *supra*, were part of the same charging instrument because they were resolved via the same plea agreement and judgment.  But plea agreements and judgments are not charging instruments; indictments, informations, and complaints are charging instruments.  Plaintiff also argues that one prior offense occurred on December 7, 2003, with an arrest on April 8, 2004, and the other prior offense occurred on February 4, 2004, with an arrest on April 2, 2004.  Defendant argues that because he was not arrested for the first prior offense prior to committing the second prior offense, the prior offenses should not be counted separately under § 4A1.2(a)(2).  But that

fact pattern is only one conclusive way to show separateness of offenses for the purposes of § 4A1.2(a)(2). Prior offenses are still counted separately under § 4A1.2(a)(2) "unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." As noted, Defendant provides no evidence that the offenses were charged in the same instrument or that sentences for them were imposed on the same day, and the evidence he does adduce tends to prove the opposite. No charging instruments or judgments are adduced, but only an offender history that appears to be from the Las Vegas Metropolitan Police Department that only shows arrest dates, the bases for the arrests (offenses), case numbers, and disposition dates for the offenses. The different case numbers for the offenses resulting in the April 2 and April 8, 2004 arrests is good evidence of separate charging instruments having been filed, and the differing formats of the case numbers is good evidence that the cases were litigated in different courts, i.e., the justice and district courts as Defendant himself has already noted. No evidence is adduced of judgment having been imposed on the same day. Indeed, the disposition dates given are May 4, 2004 for the offense leading to the April 8, 2004 arrest and September 13, 2004 for the offense leading to the April 2, 2004 arrest, so it is clear from Defendant's own evidence that judgment was not imposed on the same day.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions (ECF Nos. 328, 329, 330) are DENIED.

IT IS SO ORDERED.

Dated this 12th day of February, 2016.

_____
ROBERT C. JONES
United States District Judge