# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:06-cr-00309-RCJ-PAL-1 |
| vs. | ) | |
| | ) | |
| CARL CHESTER, | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

In December 2007, a jury convicted Defendant Carl Chester of three counts of possession of a controlled substance with intent to distribute. The Court sentenced Defendant to 264 months of imprisonment, to be followed by five years of supervised release. Defendant appealed, and the Court of Appeals affirmed in March 2009. Defendant later successfully moved in state court to have a state criminal judgment against him amended. Defendant then filed a habeas corpus motion in this Court under 28 U.S.C. § 2255, arguing, *inter alia*, that he should be resentenced because the original sentencing was based on a career offender finding that could not be supported in light of the correction to the state court judgment. In October 2011, the Court granted the motion as to resentencing but denied the motion as to the claims of ineffective assistance of counsel and prosecutorial misconduct. In March 2012, the Court resentenced Defendant to 168 months of imprisonment, to be followed by five years of supervised release. Defendant appealed, and the Court of Appeals affirmed in August 2013.

Defendant filed a second § 2255 motion. The Court denied the motion, stating that Defendant would have to petition the Court of Appeals for permission to file a successive motion

1  under § 2255. *See* 28 U.S.C. § 2255(h).  Defendant filed a motion to reconsider, noting that a
2  § 2254 motion is not "second or successive" under the statute if an amended judgment and
3  sentencing has intervened since the first motion was adjudicated. *See Wentzell v. Neven*, 674 F.3d
4  1124, 1127 (9th Cir. 2012).  The Court, assuming *arguendo* that the Court of Appeals would read
5  "second or successive" under § 2255(h) to mean the same thing as it does under § 2244(b),
6  declined to reconsider, denying the arguments on the merits.

7      Defendant also asked the Court to issue a certificate of appealability, sanction the United
8  States, enter default judgment in his favor, hold an evidentiary hearing, release him or transfer
9  him to a facility closer to Las Vegas in anticipation of an evidentiary hearing, and appoint
10 counsel.  The Court denied those motions.  The Court of Appeals denied a motion for a
11 certificate of appealability.  Defendant filed several more motions asking the Court to reconsider
12 and reassign the case to a new judge.  The Court denied those motions.  Defendant later filed
13 several more motions for appointment of the Federal Public Defender that the Court had
14 permitted to withdraw due to a conflict of interest, for reassignment to a new judge, and to order
15 a settlement of Defendant's appeal.  The Court denied the motions.  Defendant later asked the
16 Court to issue a certificate of appealability as to the order denying those motions.  The Court
17 denied the motion.  The Court also denied a motion titled "Motion of Actual Innocence and
18 Unlawful Incarceration."

19     Defendant later asked the Court to reconsider its April 17, 2014 order denying his second
20 § 2255 motion based on the state court having corrected certain records.  Specifically, he noted
21 that the state court had since corrected its own record to reflect that "Def[endan]t as part of his
22 negotiations in [Case No. C201197] indeed pled guilty in [Case No. 03M284706X]."  That did
23 not tend to show that the two sentences should be counted as one under the Guidelines, however.
24 The relevant provision reads:
25     If the defendant has multiple prior sentences, determine whether those

>sentences are counted separately or as a single sentence.  Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).  If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2).  The evidence adduced by Defendant only tended to show that both cases were resolved as a part of the same negotiations.  The evidence did not tend to answer the relevant questions of whether Defendant was arrested for the first offense before he committed the second offense or, if not, whether both offenses were included in the same charging instrument (almost certainly not the case, as the offenses were charged in different courts, i.e., the Las Vegas Justice Court and the Eighth Judicial District Court) or whether the sentences were imposed on the same day (also unlikely for the same reason).

Defendant also argued that his resentencing counsel failed to discuss the pre-sentence report with him.  But the Court of Appeals had already denied a certificate of appealability as to the Court's April 17, 2014 dismissal order, in which the Court denied, *inter alia*, Defendant's claims of ineffective assistance of re-sentencing counsel because the motion was successive.

Defendant later asked the Court to correct the presentence investigation report and to reconsider its denial of his previous § 2255 motion.  Defendant argued that the prior offenses recounted, *supra*, were part of the same charging instrument because they were resolved via the same plea agreement and judgment.  The Court denied the motion.

Defendant later asked the Court to correct the Judgment due to the alleged unconstitutionality of one of the conditions of supervised release and also due to its failure to identify the precise number of days credit for time served, as reflected in the presentence investigation report.  The Court denied the motion as a successive motion under § 2255.  *See* 28 U.S.C. § 2255(h).  The Court denied a certificate of appealability.

1     Defendant has now asked the Court to reduce his sentence under Amendment 782 to the
2 Guidelines.  He notes that in March 2012 he was resentenced to 168 months, the low end of the
3 Guidelines range of 168–210 months, pursuant to a total offense level of 30 and a criminal
4 history category of VI.  He argues that under the retroactively applicable Guidelines, he would be
5 subject to a range of 140–175 months, because his total offense level for the amount of drugs at
6 issue would be 28.  He therefore requests resentencing a the low end of the recalculated
7 Guidelines range, i.e., 140 months.

8     The Government responds that the Court does not currently have jurisdiction to consider
9 the present motion due to a pending appeal as to his sentence, with oral argument scheduled for
10 December 13, 2016.

11     In reply, Defendant argues that the present motion does not implicate any issues before
12 the Court of Appeals.  The Court notes that the only issue certified for appeal is "whether
13 appellate counsel rendered ineffective assistance by failing to argue that the Fair Sentencing Act
14 applied at the 2012 resentencing, including whether appellant is entitled to a reduced term of
15 supervised release, or reclassification of his convictions."  A determination of the Amendment
16 782 issue is not certified for appeal and is therefore not "involved in the appeal." *See Griggs v.*
17 *Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  Defendant notes that amending a
18 judgment pursuant to Amendment 782 does not require a resentencing hearing or even a new
19 presentence investigation report, and that Defendant may not bring the motion via habeas corpus
20 motion under 28 U.S.C. § 2255, but only via 18 U.S.C. § 3582(c)(2).  He argues that awaiting the
21 mandate from the pending appeal could prejudice him, because of the Court were to grant the
22 present motion and resentence him to the low end of 140 months, he will be entitled to
23 immediate release.

24     The Court finds that Defendant potentially qualifies for a retroactive two-point reduction.
25 As he notes, he was sentenced based on 166.4 grams of cocaine base, giving a base offense level

of 28. (*See* Resentencing Tr. 13:23–14:3, ECF No. 220). The base offense level for that amount under Amendment 782 is indeed 26. *See* U.S.S.G. § 2D1.1(c)(7) (2014). His total offense level would then be 28. Defendant does not appear to challenge the two-point enhancement for obstruction of justice, nor could he via the present motion. Combined with a criminal history category of VI, he would indeed face a Guideline range of 140–175 months. The Court, however, finds that considering the § 3553(a) factors, a term of 168 months is still appropriate. As the Court previously noted after thorough discussion, it believed that 168 months was a sufficient sentence but could not in good conscience sentence Defendant below that term. (*See* Resentencing Tr. 33–42). That term remains within the retroactive Guidelines range, and the Court finds that it is still appropriate. As to the policy statement in § 1B1.10, Defendant does not argue how any of the Court's statements in justifying the sentence imposed at the 2012 resentencing hearing under § 3553(a) are no longer valid. The Court also finds that public safety still favors the current sentence. As noted at the 2012 hearing, the Court believes the 168-month sentence is necessary to ensure the rehabilitation of Defendant, who, although redeemable and who appears to be working towards rehabilitation, has an extensive criminal history. Finally, Defendant has not adduced any evidence of post-sentencing conduct that would mitigate in favor of a reduction and in fact appears not to desire that a new presentence investigation report be prepared.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for a Sentence Reduction (ECF No. 348) is DENIED.

IT IS SO ORDERED.

Dated: This 12th day of December, 2016.

_____
ROBERT C. JONES
United States District Judge