# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | 2:06-cr-00309-RCJ-PAL-1 |
| vs. | ) ) | |
| CARL CHESTER, | ) ) | ORDER |
| Defendant. | ) ) | |

In December 2007, a jury convicted Defendant Carl Chester of three counts of possession of a controlled substance with intent to distribute. The Court sentenced Defendant to 264 months of imprisonment, to be followed by five years of supervised release. Defendant appealed, and the Court of Appeals affirmed in March 2009. Defendant later successfully moved in state court to have a state criminal judgment against him amended. Defendant then filed a habeas corpus motion in this Court under 28 U.S.C. § 2255, arguing, *inter alia*, that he should be resentenced because the original sentencing was based on a career offender finding that could not be supported in light of the correction to the state court judgment. In October 2011, the Court granted the motion as to resentencing but denied the motion as to the claims of ineffective assistance of counsel and prosecutorial misconduct. In March 2012, the Court resentenced Defendant to 168 months of imprisonment, to be followed by five years of supervised release. Defendant appealed, and the Court of Appeals affirmed in August 2013.

Defendant filed a second § 2255 motion. The Court denied the motion, stating that Defendant would have to petition the Court of Appeals for permission to file a successive motion

under § 2255. *See* 28 U.S.C. § 2255(h). Defendant filed a motion to reconsider, noting that a § 2254 motion is not "second or successive" under the statute if an amended judgment and sentencing has intervened since the first motion was adjudicated. *See Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012). The Court, assuming *arguendo* that the Court of Appeals would read "second or successive" under § 2255(h) to mean the same thing as it does under § 2244(b), declined to reconsider, denying the arguments on the merits.

Defendant also asked the Court to issue a certificate of appealability, sanction the United States, enter default judgment in his favor, hold an evidentiary hearing, release him or transfer him to a facility closer to Las Vegas in anticipation of an evidentiary hearing, and appoint counsel. The Court denied those motions. The Court of Appeals denied a motion for a certificate of appealability. Defendant filed several more motions asking the Court to reconsider and reassign the case to a new judge. The Court denied those motions. Defendant later filed several more motions for appointment of the Federal Public Defender that the Court had permitted to withdraw due to a conflict of interest, for reassignment to a new judge, and to order a settlement of Defendant's appeal. The Court denied the motions. Defendant later asked the Court to issue a certificate of appealability as to the order denying those motions. The Court denied the motion. The Court also denied a motion titled "Motion of Actual Innocence and Unlawful Incarceration."

Defendant later asked the Court to reconsider its April 17, 2014 order denying his second § 2255 motion based on the state court having corrected certain records. The Court denied the motion. Defendant later asked the Court to correct the presentence investigation report and to reconsider its denial of his previous § 2255 motion. Defendant argued that the prior offenses recounted, *supra*, were part of the same charging instrument because they were resolved via the same plea agreement and judgment. The Court denied the motion. Defendant later asked the Court to correct the Judgment due to the alleged unconstitutionality of one of the conditions of

supervised release and also due to its failure to identify the precise number of days credit for time served, as reflected in the presentence investigation report. The Court denied the motion as a successive motion under § 2255. *See* 28 U.S.C. § 2255(h). The Court and the Court of Appeals denied a certificate of appealability.

Defendant later asked the Court to reduce his sentence under Amendment 782 to the Guidelines. He noted that in March 2012 he was resentenced to 168 months, the low end of the Guidelines range of 168–210 months, pursuant to a total offense level of 30 and a criminal history category of VI. He argued that under the retroactively applicable Guidelines, he would be subject to a range of 140–175 months, because his total offense level for the amount of drugs at issue would be 28. He therefore requested resentencing a the low end of the recalculated Guidelines range, i.e., 140 months. The Government argued that the Court did not have jurisdiction to consider the motion due to a pending appeal as to the sentence. In reply, Defendant argued that the motion did not implicate any issues before the Court of Appeals. The Court noted that the only issue certified for appeal was "whether appellate counsel rendered ineffective assistance by failing to argue that the Fair Sentencing Act applied at the 2012 resentencing, including whether appellant is entitled to a reduced term of supervised release, or reclassification of his convictions." A determination of the Amendment 782 issue was not certified for appeal and was therefore not "involved in the appeal." *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Defendant noted that amending a judgment pursuant to Amendment 782 would not require a resentencing hearing or even a new presentence investigation report, and that Defendant could not bring the motion via habeas corpus motion under 28 U.S.C. § 2255, but only via 18 U.S.C. § 3582(c)(2). He argued that awaiting the mandate from the pending appeal could prejudice him, because if the Court were to grant the motion and resentence him to the low end of 140 months, he would be entitled to immediate release.

The Court found that Defendant potentially qualified for a retroactive two-point reduction. As he noted, he was sentenced based on 166.4 grams of cocaine base, giving a base offense level of 28. (*See* Resentencing Tr. 13:23–14:3, ECF No. 220). The base offense level for that amount under Amendment 782 is indeed 26. *See* U.S.S.G. § 2D1.1(c)(7) (2014). His total offense level would then be 28. Combined with a criminal history category of VI, he would indeed face a Guideline range of 140–175 months. The Court, however, found that considering the § 3553(a) factors, a term of 168 months was still appropriate. As the Court had previously noted after thorough discussion, 168 months was a sufficient sentence, but the Court could not in good conscience sentence Defendant below that term. (*See* Resentencing Tr. 33–42). As to the policy statement in § 1B1.10, Defendant did not argue how any of the Court's statements in justifying the sentence imposed at the 2012 resentencing hearing under § 3553(a) were no longer valid. The Court also found that public safety still favored the current sentence. As noted at the 2012 hearing, the Court believed the 168-month sentence was necessary to ensure the rehabilitation of Defendant, who, although redeemable and who appeared to be working towards rehabilitation, had an extensive criminal history. Finally, Defendant did not adduce any evidence of post-sentencing conduct that would mitigate in favor of a reduction and in fact appeared not to desire that a new presentence investigation report be prepared. The Court denied a motion to reconsider.

Defendant has now asked the Court to recommend twelve months confinement in a residential reentry center ("RRC"), to include six months of home confinement, upon his release. Rule 35 permits a court to correct mathematical, technical, or clear errors in a criminal judgment within fourteen days of sentencing, and Rule 36 permits a court to correct clerical errors or errors resulting from oversights or omissions at any time. *United States v. Cardona*, No. 3:09-cr-49, 2009 WL 3254477, at *1 (D. Conn. Oct. 6, 2009) (citing Fed. R. Crim P. 35, 36). Where, as here, there is no error to correct, there is no mechanism for a court to simply amend the judgment

in order to add something to it. Although the Court may not amend the Judgment to make the requested recommendation, it may make the recommendation via the present order. *See id.*

## CONCLUSION

IT IS HEREBY ORDERED that the Motion Requesting Judicial Recommendation (ECF No. 394) is GRANTED IN PART and DENIED IN PART. The Court may not amend the Judgment. However,

IT IS HEREBY RECOMMENDED that to the extent permitted by law and regulation the Bureau of Prisons shall consider placing Carl Chester in a Residential Reentry Center near his children during the last twelve months of his sentence, with the final six months to be spent in home confinement.

IT IS SO ORDERED.

Dated this 7th day of August, 2018.

ROBERT C. JONES
United States District Judge